(December 24, 1975)

■ In the Matter of ROCKWELL D. COLANERI, Appellant, v BOARD OF ELECTIONS OF SUFFOLK COUNTY, Respondent, and STUART NAMM, Intervenor-Respondent. In the Matter of ROCKWELL D. COLANERI, Appellant, v EVERETT McNAB et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents.—In two proceedings by petitioner, (1) the first, *inter alia,* to compel the respondent Suffolk County Board of Elections to examine

and inspect all absentee and military ballots received by it after November 4, 1975, in which intervenor-respondent Namm counterclaimed for certification as having been duly elected to the public office of District Court Judge of Suffolk County from the Town of Brookhaven, and (2) the second, *inter alia,* to direct said respondent to remail absentee ballots to those individuals whose absentee ballots were received after 4:00 P.M. on November 4, 1975, or not received at all, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered November 28, 1975, which *inter alia* (1) denied his petitions, (2) granted the above-mentioned counterclaim and (3) directed the respondent board of elections to certify Namm as being duly elected to the public office of District Court Judge of Suffolk County from the Town of Brookhaven. Judgment affirmed, without costs. In a summary proceeding pursuant to section 330 of the Election Law, the court is without power to set aside a general election and order a new one *(Matter of Corrigan v Board of Elections of Suffolk County,* 38 AD2d 825, affd 30 NY2d 603). Thus, petitioner's request for a remailing of absentee ballots to those voters who had never returned their ballots to the board of elections was properly denied. Similarly, there is no statutory authority for the opening and canvassing of those absentee ballots which were returned to the board *after* November 4, 1975, Election Day. On the state of the record on this appeal, we cannot presume that the ballots received after Election Day had been mailed to eligible voters too late to permit marking and return, by mail or by hand, by 4:00 P.M. on Election Day, although we do agree that the Legislature's establishment of a fall primary obviously leaves minimal time for the preparation and mailing of absentee ballots. Gulotta, P. J., Rabin, Hopkins, Martuscello and Christ, JJ., concur.